*The final accounting in the Estate of* JOSEPH BLACK.

CHARGES made against infants for moneys paid and expended for their benefit during administration of an estate, not allowed to an administrator and administratrix, where there has been no guardian of the infants.

A guardian cannot encroach on the capital of his ward's personalty, without previous order.

THE SURROGATE. Margaret Black, administratrix, and John Black, administrator of Joseph Black, deceased, file their final account, and ask its allowance and settlement, and for a decree of distribution. In the schedules, they set forth certain heavy charges against the children of the intestate for board and support during their minority. The administratrix and administrator are the mother and the paternal uncle of these minors. The administrator is their general guardian, appointed since the commencement of the proceedings on this accounting. The moneys thus charged against the minors were not, however, advanced at any time to the general guardian, but were retained and expended for their benefit by the administratrix, their mother, before the appointment of the guardian, and her receipts, given to the co-administrator, are adduced as vouchers by him in support of the charges.

The special guardian, appointed by the Surrogate for the sole purpose of taking charge of the interests of the minor next of kin, on this accounting, objects to these charges, and Frederick Black, one of the children who has arrived at age, also objects to and contests them by his proctor.

It is my decision, that all these charges against the children for moneys expended for them during their minority, must be stricken from the account, and disallowed to the accountants.

They are in no sense legitimate charges. If the administratrix had a claim against the estate, of any nature, she

was expressly forbidden. by statute to pay it to herself, without its previous allowance by the Surrogate. And as to the administrator, the vouchers offered are insufficient to discharge him, because co-administrators are in law but one person. A receipt from one to the other is not a legal voucher, or of any legal effect. They cannot, by mutual receipts, release each other from responsibility. (*Murray* v. *Blatchford*, 1 *Wend.*, 583.; *Wheeler* v. *Wheeler*, 9 *Cow.*, 34; *Stuyvesant* v. *Hall*, 2 *Barb. Ch. R.*, 151; *Lawrence* v. *Lawrence*, 3 *Barb. Ch. R.*, 71.)

Charges for the board and support of infants are not claims against the estate of their father. They are claims against an infant's assets in the hands of the guardian, if they have any. Where the parties interested neglect or refuse to provide guardianship for the infants, they make advances of this nature at their peril.

Moneys advanced by an administrator, out of an infant's distributive share, to the guardian of the infant, are, of course, proper charges against that share, because the responsibility for such moneys is then shifted upon the guardian, who is himself to be held accountable under judicial scrutiny. But no possible right exists in a mother or an uncle, to use the moneys of a minor son or a nephew, for his support, without the previous authorization of a proper tribunal. (See *Woodruff* v. *Cook*, 2 *Edwards*, 259.) And again, a general guardian, without the previous sanction of the Court by which he was appointed, is not safe in going beyond the income and encroaching on the principal of the infant's personal property. In this case the principal has not only been encroached upon, but has been almost, if not quite, exhausted, by persons not bearing the legal relation of guardian at the time.

If it be argued that John Black is now the general guardian of these minors, and that the charges he makes against them as administrator ought to be allowed to him as guardian, I answer that the Surrogate is not settling the accounts of the guardian, is not able to do it on this

·proceeding, and cannot do it till the guardian's duties have come to an end by his removal from his trust, his death, or the death or coming of age of his ward. (1 *Barb. Ch. R.*, 459 ; *Draper* v. *Anderson*, 37 *Barb. S. C. R.*, 168 ; *Banks* v. *Taylor*, 10 *Abbott*, 199.)

Another question arises as to the interest chargeable against the administrators. It appears that the bulk of the assets, amounting to about $20,000, were left in deposit with a mercantile house, Benkard & Hutton, who gave no security therefor, and only paid for the loan of the money six per cent. If in July, 1864, the balance on deposit with this house had been invested by the administrators in United States bonds, or on mortgage at seven per cent, a difference of over $2,000 would have been realized in favor of the estate. It is claimed, on behalf of the next of kin, that the administrators are chargeable with this difference ; and it is also urged, that, in consideration that the money of the estate has been used by the administrators, compound interest at the rate fixed by law, and on semi-annual rests, should be charged against them, on the rule in 11 *Vesey*, 92, and in *Scheffelin* v. *Stewart*, 1 *John. Ch. R.*, 620. This seems but reasonable, when it is considered that the next of kin in this proceeding are all minors except one, who has just emerged from his minority.

A third question raised is, as to the distributive shares of two of the minor children of this intestate, Josephine and Henry, who have died since the death of their father. The auditor has reported that, upon the death of each of these infants, the mother and the brothers and sisters surviving became entitled to their distributive shares of the deceased infant's distributive share in this estate, and has allowed a sum of money to the mother and to each of the surviving brothers and sisters, in liquidation of their respective shares. This is an error. There can be no legal distribution without administration. Upon the death of· each of these minors, their respective shares of this .

personal property passed and belonged to their legal representatives, and this although the amount of their shares was not yet ascertained. The representatives of the father's estate, that is to say, these present accountants, take as such no interest in these minors' shares. It is a mistake to include the distribution of these shares in their account, or to provide for their distribution upon this accounting. (2 *Williams on Ex'rs.*, 1088–89 ; *Bac. Abr.*, I, 4 ; *Rose* v. *Clark*, 8 *Paige*, 514; *McCartee* v. *Camel*, 1 *Barb. Ch. R.*, 455.)